**Russell F. MYERS, Plaintiff-Appellant,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 74–2147.**

United States Court of Appeals, Sixth Circuit.

April 1, 1975.

**294**

Frank J. Neff, Barkan, Barkan & Neff, Columbus, Ohio, for appellant.

William W. Milligan, U. S. Atty., W. Robinson Watters, Columbus, Ohio, for appellee.

Before EDWARDS, PECK and LIVELY, Circuit Judges.

PER CURIAM.

Appellant appeals from the District Court's affirmance of the Secretary of Health, Education and Welfare's denial of total disability Social Security benefits.

Appellant is a 61-year-old man with a 10th grade education, who quit his job operating a file cutting machine after 28 years at work on it because of low back pains. Appellant's doctors diagnosed his problem as degenerative disc syndrome, and two of the doctors gave as their opinion that he was totally disabled.

■ The Secretary concedes appellant is disabled from his prior occupation but asserts that, nonetheless, he retains residual capacity to do other light jobs. Where the case is in such a posture, the burden shifts to the Secretary to present evidence that appellant can perform substantial work with his lessened capability and that there are jobs in the national economy as defined which he could accomplish. Vaughn v. Finch, 431 F.2d 997 (6th Cir. 1970); Garrett v. Finch, 436 F.2d 15 (6th Cir. 1970).

■ Our inspection of this record indicates that the Secretary failed to present such proofs. By brief and oral argument counsel for the Secretary relied entirely upon the answers to two hypothetical questions which had been posed to a vocational expert witness. It is axiomatic that a hypothetical question is not evidence. It should be an accurate summation of the evidence already presented in the record and can neither add to nor detract from that evidence.

■ We are unable to find in this record (in spite of a prior remand for further testimony) any evidence to substantiate the government's claim that plaintiff while disabled from his prior occupation is capable of performing jobs which are available in the national economy to a person with his education and training. See 20 C.F.R. § 404.1502(c) (1974).

The judgment of the District Court is reversed. The case is remanded to the District Court for entry of an order awarding benefits.