904 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elmer BOGGS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-3606.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1990.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and PAUL V. GADOLA, District Judge.*
 PER CURIAM:
 
 
 1
 Appellant Elmer Boggs appeals the District Court's decision denying him disability insurance benefits. Because we find substantial evidence to support the denial, we AFFIRM the District Court's judgment.
 
 
 2
 Appellant, age 49, worked as a truck driver and manager before allegedly becoming disabled. He claims to have severe pain in his right knee stemming from an injury and degenerative joint disease. He also allegedly suffers pain from a back condition, as well as side effects from medication taken for that condition. Appellant was examined by Dr. Beryl Oser, who reported on December 2, 1985 that he had treated appellant since 1982 for degenerative joint disease in his right knee. He also stated that x-rays showed degenerative arthritic changes in his knee.
 
 
 3
 Appellant was also examined by a Dr. Newman who, on May 7, 1986, gave an opinion stating that appellant suffers from disc changes in his lumbar spine and that he had pain in his right knee.
 
 
 4
 Appellant was lastly examined by Dr. Martin Fritzhand on August 5, 1986. He noted the same degenerative joint conditions and the fact that appellant suffered pain in his lower back.
 
 
 5
 Appellant filed an application for benefits on November 15, 1985 and alleged disability beginning on June 1, 1982. His claim was denied, and appellant requested an oral hearing. On November 18, 1986, an Administrative Law Judge (ALJ) denied his application on the grounds that appellant was able to perform several jobs which existed in significant number in the national economy. The Appeals Council denied his claim. He then sought judicial review in the United States District Court, which again denied his claim.
 
 
 6
 Our standard of review is whether the Secretary's decision to deny benefits is supported by substantial evidence. 42 U.S.C. Sec. 405(g); Gibson v. Secretary of Health, Educ. and Welfare, 678 F.2d 653 (6th Cir.1982). "Substantial evidence" is evidence which a reasonable mind would accept as sufficient to support a given conclusion. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 851 (6th Cir.1986). The Secretary's findings are conclusive if supported by substantial evidence, Cornette v. Secretary of Health and Human Servs., 869 F.2d 260, 263 (6th Cir.1988), and we may neither resolve conflicts of evidence or decide questions of credibility. Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987).
 
 
 7
 A claimant for benefits must show that he has an impairment which prevents him from performing any kind of substantial employment which exists in the national economy, considering his age, education, training, and work experience. 42 U.S.C. Sec. 423(d)(2)(A). The Secretary determines in a sequential evaluation 1) whether the claimant is working, 2) whether the claimant has a severe impairment, 3) whether the impairment meets or equals the criteria of a listed impairment and is therefore presumed to be disabling, 4) whether, after determining the claimant's residual functional capacity, the disability renders the claimant unable to perform his past work or any other work in the national economy. 20 C.F.R. Sec. 404.1520.
 
 
 8
 Appellant first argues that the Secretary's finding that a substantial number of jobs existed which appellant could perform is not supported by the record. A vocational expert testified that given appellant's medical conditions, he could perform approximately 39,000 jobs in an area within 100 miles from his home. The Secretary determined that under 42 U.S.C. Sec. 423(d)(2)(A)[1], appellant was not disabled. Appellant argues, however, that his disability prevents him from commuting significant distances and that under Hall v. Bowen, 837 F.2d 272 (6th Cir.1988), it was incorrect not to consider the effect of his disability in determining whether there were a significant number of jobs. According to Hall:
 
 
 9
 A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on.
 
 
 10
 Id. at 275. See also Lopez Diaz v. Secretary, 585 F.2d 1137 (1st Cir.1978). Appellant asserts that credible testimony established that because of his pain and the side effects of his medication, he was unable to commute 100 miles each way to work. He concludes that there was not substantial evidence in the record for the finding that a substantial number of jobs existed.
 
 
 11
 We disagree. First, 42 U.S.C. Sec. 423(d)(2)(A) expressly states that the existence of jobs in the claimant's immediate area is not necessary for finding that a substantial number of jobs exist in the national economy. Second, and more importantly, the vocational expert testified that the total number of jobs appellant could perform within the 100 mile area, 70 percent of those jobs were located in appellant's immediate location, the greater Cincinnati area. See Joint App. at 98 and 103. There is substantial evidence to support the ALJ's finding that a significant number of jobs existed to which appellant had access.
 
 
 12
 Appellant next argues that a hypothetical question posed to the vocational expert was improper because it failed to consider appellant's pain, the side effects of his medication, and his inability to sit uninterrupted. For a hypothetical to be proper, it must include all aspects of a claimant's condition. Myers v. Weinberger, 514 F.2d 293 (6th Cir.1975); Noe v. Weinberger, 512 F.2d 588 (6th Cir.1975). However, it need not include those conditions which are rejected by the Secretary. See generally Maziarz v. Secretary of Health and Human Servs., 837 F.2d 240, 247 (6th Cir.1987); Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 780 (6th Cir.1987).
 
 
 13
 With regard to the side effects of appellant's medication, the vocational expert expressly testified that even assuming the alleged limitations they imposed on appellant (e.g., causing drowsiness, lack of concentration, etc.), he would still be able to perform the sedentary jobs that existed in significant number in the Cincinnati area. Joint App. at 80-81.
 
 
 14
 With regard to appellant's pain, the Secretary determined that appellant's complaints of pain were not credible. Normally, the Secretary's credibility findings are given deference and are not discarded lightly. Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 538 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). However, in this case the magistrate's report, adopted by the District Court, found that the medical and lay evidence supported appellant's allegations of pain and was uncontradicted.
 
 
 15
 The medical evidence in this case consists almost entirely of the report of Dr. Fritzhand. He found that appellant suffered degenerative disease of the back and knees. He reported that appellant had basically a normal range of motion in the dorsolumbar spine and normal extension in both knees. Dr. Fritzhand found that appellant could walk without a cane, and that he did not show signs of any paravertebral spasms, tenderness in the lumbar spine or knees, or any ligamentous laxity in the knees. In addition to this medical evidence, appellant several times testified that he was able to engage in a variety of daily activities which would seem to refute his claim of severe pain. Appellant testified that he cared for himself, cooked, did his own dishes, drove, made his bed daily, and did his laundry. He also stated that he could sit for 30 minutes at a time, walk for 15 to 20 minutes, stand for 20 minutes, lift up to 20 pounds, and lift 10 pounds for an extended period of time. While these activities do not clearly indicate that appellant was not disabled, they do support the finding that he was not credible with the regard to the stated severity of his pain. See Bradley v. Secretary of Health and Human Servs., 862 F.2d 1224 (6th Cir.1988) (Secretary did not err in concluding claimant's allegations of pain were not credible where he was able to perform a variety of daily activities); Oliver v. Secretary of Health and Human Servs., 804 F.2d 964 (6th Cir.1986). On review of the record, substantial evidence supports the ALJ's determination that appellant's statements of debilitating pain were not credible.
 
 
 16
 Having determined that, we turn to the question of whether the hypothetical posed to the vocational expert was appropriate. Although it did not include pain as a factor, it was not necessary because the ALJ had determined that appellant's complaints of pain were not credible. After making that finding, which we agree is supported by the record, the hypothetical was not required to assume pain as a variable in the vocational expert's answer.
 
 
 17
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Paul V. Gadola, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 That section provides:
 [A]n individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence, ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.