904 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara MONTGOMERY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-2134.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case is before us on appeal from the District Court's decision affirming the Secretary's denial of Social Security disability benefits. Appellant's claim was previously denied and appealed to a panel of this Court, which reversed and remanded the District Court's judgment for additional fact-finding. The prior panel remanded for the purpose of determining the number of jobs on the national economy that appellant would be capable of performing.[1]
 
 
 2
 Our standard of review is whether the Secretary's decision is supported by "substantial evidence," that is, evidence which a reasonable mind would accept as sufficient to support a given conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). We must affirm the Secretary's findings if they are supported by substantial evidence and stem from the correct application of law. 42 U.S.C. Sec. 405(g).
 
 
 3
 Appellant's physical impairments are not in question. However, the Secretary determined that she was not disabled because, at step five of the sequential analysis, there were a substantial number of jobs in the national economy that she could perform. That decision was reversed by this Court as not supported by substantial evidence and was remanded for further fact-finding. The single issue on appeal is whether there is now substantial evidence in the record to support the Secretary's finding that a significant number of jobs exist in the national economy which appellant is capable of performing.
 
 
 4
 On remand, the ALJ conducted a hearing with the previous vocational expert (VE). The VE explained that his original testimony that 45,000 sedentary jobs exist in appellant's general area was accurate. The ALJ then asked how this number would be affected assuming appellant's physical limitations, which required a sit/stand option. He estimated that if a person had to stand every half-hour, it would remain at 45,000. The ALJ then asked how the number would be affected if a person had to stand every five or ten minutes. The VE said there would be approximately 8,000 left. There would also be 8,000 jobs if appellant had to stand up every 15 minutes:
 
 
 5
 [ALJ]: But specifically, eight thousand of these jobs would allow someone to--if they had that severe problem to get up and down every ten to fifteen minutes and still be able to perform these jobs?
 
 
 6
 [VE]: Yes, sir.
 
 
 7
 Moreover, the VE testified that of the 45,000 sedentary jobs, about 20,000 would involve a significant amount of typing, thus precluding appellant from standing at will. However, he also acknowledged that 20,000 would remain that did not involve a large amount of typing. In any event, it appears that at a minimum, there are 8,000 jobs which appellant is capable of performing, given her physical impairments. Bradley v. Secretary of Health & Human Servs., 862 F.2d 1224, 1227 (6th Cir.1988) noted:
 
 
 8
 This court has recently held that a claimant is not disabled simply based on a need to alternate between sitting, standing and walking, if a vocational expert can identify 1,350-1,800 unskilled sedentary jobs out of a total of 540,000 jobs that can be performed within the claimant's limitations."
 
 
 9
 Appellant challenges the VE's testimony on two grounds--first, that the hypothetical posed to the VE was inappropriate because it only assumed appellant's back condition and not restrictions on her ability to turn or twist and the fact that she has physical problems with her left arm and neck. Secondly, appellant claims the VE's testimony was equivocal and therefore not sufficient to support the secretary's decision. Upon review of the entire testimony, we reject appellant's contentions.
 
 
 10
 A proper hypothetical question posed to a VE must assume all of the evidence indicating a claimant's limitations. Myers v. Weinberger, 514 F.2d 293, 294 (6th Cir.1975). Appellant says the ALJ's hypothetical questions assumed neither her other limiting conditions, nor did they establish that standing every five minutes would afford her the necessary relief. Appellant's first claim is belied by the record:
 
 
 11
 Q. [Attorney]: Now with regard to these three categories [of office work], does it require bilateral use of limb, upper limb, upper extremity?
 
 
 12
 A. [VE]: Well, it certainly requires good use of the writing hand, the hand that writes. The other one has to be a helper.
 
 
 13
 Any managerial position would be unaffected by such a limitation. The medical evidence supported the fact that appellant, who is right-handed, had no loss of grip strength and is able to open a jar, button her clothes, write legibly, and hold a pencil. Her only limitation appears to be picking up small objects. The VE testified that:
 
 
 14
 I would tend to regard that as limiting but not preclusive. She's still going to be able to write. She's still going to be able to handle paper. She's going to have difficulty with such things as taking the paper clip, and that's going to impact on a lot of clerical jobs. But it should have substantially less impact on her professional and managerial jobs.
 
 
 15
 We do not view the hypothetical question as inappropriate, especially considering the fact that further questioning probed the effect of appellant's other physical limitations on the number of available jobs. There is substantial evidence of record to support the Secretary's finding.
 
 
 16
 Appellant's second challenge is that the VE's testimony was equivocal and that under Sias v. Secretary of Health and Human Services, 861 F.2d 475 (6th Cir.1988) and Hall v. Bowen, 837 F.2d 272 (6th Cir.1988), an expert's testimony must be given without qualification. See also Graves v. Secretary of Health, Educ. & Welfare, 473 F.2d 807 (6th Cir.1973).
 
 
 17
 Appellant says the VE "hedged" his testimony when he said sedentary work with a sit/stand option technically does not exist. He testified:
 
 
 18
 [T]o take it so far as to say that a person somehow must be able to sit or stand, literally, whenever they choose, with nothing else being taken into consideration, is also I think pretty under estimated. I don't think there is such a thing. What I'm looking at, when I talk about a sit/stand option, what I'm looking at is a job where the seated portions primarily can be done either seated or standing.
 
 
 19
 Rather than equivocating, it appears that the VE was only explaining that few, if any, sedentary jobs exist that allow people to get up and down at will. However, such an option does exist in many jobs if the sit/stand option is defined as jobs which allow appellant to perform them while either sitting or standing. The Secretary has the duty of making credibility determinations with respect to a vocational expert's testimony. Hall, 837 F.2d at 275. He found the expert credible, and our reading of the record is consistent with that finding. We conclude that after the supplemental hearing on remand, there is sufficient evidence in the record to support the Secretary's finding that appellant is not disabled within the meaning of the Social Security Act because, despite her physical limitations, she is capable of performing work which exists in significant part in the national economy.
 
 
 20
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 21
 GEORGE CLIFTON EDWARDS, Jr., dissenting.
 
 
 22
 Accepting that the Secretary of Health and Human Services has markedly narrowed recovery for disability benefits, I don't think the standard has been diminished this much.
 
 
 23
 I have real doubt that Barbara Montgomery can either get employment or work effectively. At one point she slipped and fell at home while coming down the stairs; at another, she slipped and fell down 12 cement steps. One of her doctors limited her to not sitting for more than an hour or standing for more than an hour or doing any lifting, bending or shoveling.
 
 
 24
 I dissent.
 
 
 
 [1]
 In the previous appeal, the Administrative Law Judge (ALJ) found that appellant could only work if her job had a "sit or stand at will" option to alleviate her physical discomfort. A vocational expert testified that 45,000 "sedentary" jobs existed in appellant's work area and that those were "primarily" sitting jobs, not sit/stand jobs. The ALJ concluded that there were 45,000 jobs that appellant could perform. The previous panel held this reasoning to be "simply illogical," since "sedentary jobs" are those that do not involve standing. The panel remanded "for additional fact-finding on the availability of jobs suited to [appellant's] physical limitations and for clarification of the evident inconsistency in the ALJ's findings with regard to [appellant's] transferable skills." Montgomery v. Secretary of Health & Human Servs., No. 86-1664, slip op. at 5 (6th Cir. July 6, 1987) (unpublished)