45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Fred A. PHELPS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-3963.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges; JORDAN, District Judge.*
 PER CURIAM.
 
 
 1
 Phelps seeks review of the Secretary's decision denying his application for disability benefits. The case was referred to a magistrate, who recommended that the Secretary's decision be affirmed. The district court accepted this recommendation, Phelps appeals and we AFFIRM.
 
 I.
 
 2
 Phelps, age fifty-one at the time the Secretary denied benefits, claims that he is disabled because of "alcohol dependence," "nutritional deficiency," "peripeheral polyneuropathy," "deformity and dislocation of the thumb on [his] dominant right hand," "diffuse degenerative changes in the lower lumbar spine." Phelps worked, more or less full-time, until 1983. His last job was as a janitor. He testified before the ALJ that he quit that job because, after he got married and relocated in 1983, he did not have a car to get to and from his janitorial job. During this period of employment, Phelps was able to control his drinking, limiting himself to drinking at lunch and after work, and did not miss any work because of his drinking problem.
 
 
 3
 After Phelps quit his job, however, his drinking increased. He underwent detoxification in 1984 and attended support groups until 1987. Phelps testified that he is currently able to read books, magazines and newspaper, although he sometimes has difficulty with retention. He can add, subtract, count money and pay attention to television. By his testimony, Phelps maintains a fairly active existence. He reads, watches television, visits with friends, takes walks, cooks for himself and his wife, helps clean house, walks to the library once or twice a month (a five mile round trip), walks to a local restaurant for coffee every day (a one mile round trip), and has worked approximately ten to twelve hours per week for his neighbor doing odd jobs, cleaning, yard work and shopping. Phelps testified that he only bathes every second or third month and only changes his clothes every second or third day. He groomed himself more carefully, however, when he had a need to do so, such as a visit to the doctor or an administrative hearing.
 
 
 4
 Phelps continues to drink to excess and, on the days he does not drink, he takes Lithium for which he has a doctor's prescription. Both the beer and the Lithium, Phelps contends, help calm his nerves.
 
 
 5
 The Secretary determined that Phelps had a severe alcohol addiction and a low-normal I.Q. of 82. The Secretary also determined, however, that Phelps' allegations regarding the severity of his impairments and his inability to perform his prior relevant work as a janitor were not supported by objective medical evidence and were not otherwise credible. Accordingly, the Secretary denied benefits.
 
 II.
 
 6
 This court's review of the Secretary's denial of Phelps' claim is strictly limited by 42 U.S.C. Sec. 405(g). Where the record as a whole contains substantial evidence to support the Secretary's determinations, the Secretary's decision must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Likening this standard to one more familiar, the Supreme Court has stated that substantial evidence "must be enough to justify, if the trial were to a jury, a refusal to direct a verdict [against the Secretary]...." National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300 (1939).
 
 A.
 
 7
 Phelps contends that the evidence of his severe alcoholism precluded the Secretary's determination that he retained sufficient ability to perform his prior relevant work as a janitor. However, the mere inability to control alcohol intake is not sufficient to allow a finding of disability. There must be a serious interference with the claimant's day-to-day activities." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 842 (6th Cir.1986). See also Smith v. Secretary of Health and Human Services, 893 F.2d 106, 110 (6th Cir.1989). As the recitation of facts shows, the record contains substantial evidence from which the Secretary could conclude that Phelps' alcoholism was not debilitating.
 
 
 8
 Phelps also contends that, because his alcoholism meets or equals the substance addiction listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 12.09(D) (hereinafter, "Listing"), he is disabled "per se " and the Secretary must award benefits without regard to his residual capacity to perform his prior relevant work. The Listing first requires the claimant to show, in addition to alcohol dependency, medical evidence of, or equal to, any of nine identified impairments. We assume, without deciding, that Phelps has presented sufficient evidence of impairment under each of the four cross-referenced impairments which are even conceivably present in this case: Sec. 12.02 (organic mental disorders), Sec. 12.04 (depressive syndrome), Sec. 12.06 (anxiety disorders) and Sec. 12.08 (personality disorders).
 
 
 9
 Once the presence of one of these impairments is shown, the claimant must also show the presence of at least three of the following four "functional limitations:"
 
 
 10
 1. Marked restriction of activities of daily living; or
 
 
 11
 2. Marked difficulties in maintaining social functioning; or
 
 
 12
 3. Deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or
 
 
 13
 4. Repeated episodes of deterioration or decompensation in work or work-like settings which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behavior).
 
 
 14
 Again, the recitation of facts demonstrates that substantial evidence exists in the record to support a conclusion that Phelps failed to prove any, let alone three, of these "functional limitations."
 
 
 15
 Accordingly, because Phelps failed to prove that his alcoholism has rendered him disabled either in fact or under the applicable Listing,[1] the Secretary's denial should be affirmed.
 
 B.
 
 16
 Phelps also contends that the Secretary erred in failing to give sufficient weight to the testimony of Mr. Chaplik, his alcoholism counselor, or Dr. Evans, Phelps' treating physician. An alcoholism counselor is not considered a medical source, 20 C.F.R. Secs. 404.1513(e); 416.913(e), and, although information from other sources may be helpful to the Secretary, the Secretary is not bound by such opinions. Nor is the Secretary bound by the opinion of a claimant's treating physician where that opinion is conclusory and not supported by the objective medical evidence. Here, the opinion of Dr. Evans upon which Phelps relies consists of a prescription form bearing this cryptic notation: "Fred Phelps is my patient and is disabled." Such a conclusory statement, unsupported by objective medical evidence, is entitled to no deference. See Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.1984) (treating physician's opinion should be given greater weight than government's physician only when supported by "sufficient medical data"); King v. Heckler, 742 F.2d 968, 972-73 (6th Cir.1984) ("disabled" is a legal conclusion to be drawn solely by the Secretary and is based upon many factors beyond physical impairment; thus, treating physician's conclusory statement was not binding). Finally, Dr. Zeck's evaluation, when viewed as a whole, supports the Secretary's finding that claimant's alcoholism is not disabling.
 
 C.
 
 17
 Phelps also contests the validity of the hypothetical question posed to the vocational expert which elicited testimony to the effect that Phelps retained sufficient residual capacity to perform his prior relevant work as a janitor. A hypothetical question must include all aspects of a claimant's condition, Myers v. Weinberger, 514 F.2d 293, 294 (6th Cir.1975), but need not include restrictions and impairments alleged by the claimant but rejected by the Secretary. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir.1987). Here, the hypothetical incorporated all of the limitations found by the Secretary and supported by the evidence and, therefore, was proper.[2]
 
 D.
 
 18
 Finally, Phelps argues that the district court erred by not remanding this case to the Secretary so that the Secretary could consider a report by Dr. Smith, Phelps' consultative psychologist, dated more than one year after the date of the Secretary's decision. It is well established that the party seeking remand must establish both that the new evidence is material to the Secretary's decision, i.e., likely to cause a different result, and that there was good cause for failing to incorporate the evidence into the prior proceeding. Oliver v. Secretary of Health and Human Services, 804 F.2d 964, 966 (6th Cir.1986). Here, Phelps has established neither element. Dr. Smith's report addresses Phelps' alcoholism, which was fully considered by the Secretary and classified as severe. Notwithstanding this condition, however, the Secretary determined that Phelps could still perform his prior relevant work and there is nothing in Dr. Smith's report which would cause the Secretary to change that result.
 
 III.
 
 19
 For these reasons, the district court's order affirming the Secretary's denial of Phelps' disability claim is AFFIRMED.
 
 
 
 *
 The Honorable Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Phelps also contends the he meets or equals Listing Sec. 5.08 for "weight loss due to any persisting gastrointestinal disorder." Although Phelps' weight occasionally falls below 122 pounds, the grid "minimum" for his age and height, there is no medical evidence of a gastrointestinal disorder or its medical equivalent. Therefore, the Listing cannot apply
 
 
 [2]
 For instance, Phelps contends that the Secretary erred by finding that his lower back problems, the deformity of his right hand and his "spinal neuropathy" were not impairments. The medical evidence of these maladies is slight-to-nonexistent and is outweighed by other evidence, including Phelps' testimony. Accordingly, the Secretary's determination is supported by substantial evidence and the failure to include these conditions in the hypothetical question was not error