**Lois C. AUSTIN, Plaintiff,**

**v.**

**Caspar WEINBERGER, etc.,
Defendant.**

**Civ. A. No. 2885.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 9, 1974.

David F. Bautista, Elizabethton, Tenn., for plaintiff.

W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This is an action for judicial review of the decision of the defendant administrator, 42 U.S.C. § 405(g), denying the plaintiff's claim for a period of disability and disability benefits under the Social Security Act. 42 U.S.C. §§ 416(i), 423. The defendant moved for a summary judgment. Rule 56(b), Federal Rules of Civil Procedure. After holding that substantial evidence supported the administrative finding that consideration of the present application was precluded by administrative finality (or administrative *res judicata*), this Court remanded the action to the Secretary for the taking of additional evidence tending to show any kind of work the plaintiff may be capable in her condition of doing, since there was no substantial evidence to support the administrative finding that she could return to her

former occupation. See memorandum opinion and order herein of March 13, 1973.

On remand, the administrative law judge found, *inter alia:*

\* \* \* \* \* \*

9. The evidence establishes that the [plaintiff's] impairments and resulting functional limitations would prevent her from engaging in her usual type work.

10. The evidence establishes that the [plaintiff] is functionally limited to light and sedentary type activity which does not involve lifting more than ten pounds and which would permit her to sit or stand as she is more comfortable. She also is prevented, on account of her impairments, from engaging in work activity which involves any significant amount of stooping, bending, squatting, climbing or pushing and pulling.

11. The medical and other evidence of record establishes that the [plaintiff] retains the capacity, in spite of her impairments, considered separately and in combination, to engage in substantial gainful work activity of a light and sedentary nature such as described by Dr. Norman Hankins, a vocational expert.

12. The evidence establishes that light and sedentary jobs which are within the [plaintiff's] residual functional capacity exist in significant numbers in the general area of the [plaintiff's] residence and in the several regions of the country.

13. The evidence fails to establish that the [plaintiff's] impairments, including pain and nervousness, prevented her from engaging in substantial gainful activity for any continuous period beginning prior to the date of this recommended decision, which has lasted or can be expected to last for a period of at least twelve months.

14. The [plaintiff] was not under "disability," as defined in the Act, commencing at any time prior to the date of this recommended decision.

The foregoing became the final decision of the defendant administrator when an appeals council affirmed the decision and adopted such findings and conclusions of the administrative law judge on June 7, 1974.

This Court may determine only whether the Secretary's findings are supported by substantial evidence. *Ingram v. Richardson,* C.A.6th (1972), 471 F.2d 1268, 1271 [4]. " \* \* \* We have defined 'substantial evidence' as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consolidated Edison Co. v.* Labor Board, [(1938)] 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126. '[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' *Labor Board v. Columbian Enameling & Stamping Co.,* [(1939)] 306 U.S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660, 665. \* \* \* " *Consolo v. Federal Maritime Com.,* (1966), 383 U.S. 607, 619–620, 86 S.Ct. 1018, 16 L.Ed.2d 131, 140–141 (headnote 9). Applying these criteria, there is substantial evidence in this record to support the findings of the Secretary that the plaintiff is not precluded from engaging in substantial gainful employment, and is not entitled to a period of disability or to disability insurance benefits.

On July 20, 1973, Dr. Joseph K. Maloy, an orthopedic surgeon, diagnosed Mrs. Austin's condition as degenerative joint disease, minimal, in the dorsal and lumbar spine and reported that:

\* \* \* On this examination I cannot demonstrate evidence for nerve root compression. Her symptoms suggest some degree of nerve root impingement, probable of an intermit-

tent type. I do not believe she requires any specific orthopaedic attention. The use of heat, massage and a light weight back support are ferquently helpful in people with degenerative changes in the lower lumbar spine. I see no indication for surgery. * * *

He opined that in an 8-hour workday, Mrs. Austin can: stand/walk for 3–4 hours; sit for 3–4 hours; frequently lift 10–20 pounds; repetitively grasp, push, pull, perform fine manipulation, and operate foot controls; occasionally stoop, squat, and climb; and reach above shoulder level.

Dr. R. D. Caldwell reported on August 14, 1973:

Patient does definitely show the findings of some moderate essential hypertension. She shows no left ventricular hypertrophy on cardiogram, however, there does appear to be some evidence for left ventricular enlargement by x-ray. Her chest pains are certainly atypical and neither the type of pain, the onset, duration, pattern of relief nor Master's test document definite angina pectoris. She does show some osteoarthritis of the lumbosacral spine by x-ray and review of her records however, orthopedic examinations in the past have not found severe problems from this and I was unable to document any significant muscular weakness or neurological changes from any nerve root compression. In summary, she does have definite essential hypertension and should not be carrying on any extremely heavy exertion because of this. Her many problems are difficult to adequately document on physical examination, although, on the testing done

and appear to have a very significant anxiety overlay.

Dr. Caldwell opined that in an 8-hour workday, Mrs. Austin can: stand/walk for 3–4 hours; sit for 5–6 hours; frequently lift up to 10 pounds; and repetitively grasp and perform fine manipulation.

Although the Secretary found that Mrs. Austin could not continue to perform her former work, Dr. Norman Hankins, a qualified vocational expert testified that there were other jobs that were generally available in this geographical area, which the plaintiff retained the residual capacity to perform. Dr. Hankins testified that he based his opinions upon the entire record and concluded that Mrs. Austin possessed transferable skills to other types of work. Among the jobs suggested by Dr. Hankins were: (1) inspector or cuffer at a glove factory;* (2) hand tipper at a printing press company; and (3) assembler at a television and radio factory. It is evident from the foregoing that there is in the record substantial evidence to support the Secretary's decision that Mrs. Austin is not precluded from performing light and sedentary work which exists in significant numbers in the national economy. Such findings must therefore be affirmed.

The pleadings and exhibits, showing that there is no genuine issue as to any material fact extant between the parties, and that the defendant is entitled to a judgment as a matter of law, the defendant's motion for a summary judgment is granted. Rule 56(c), Federal Rules of Civil Procedure. Judgment will enter affirming the decision of the defendant. Rule 58(1), Federal Rules of Civil Procedure.

---

* Although the plaintiff's attorney attempted to show the appeals council that these jobs no longer existed, Dr. Hankins testified that these jobs were typically available in the immediate area and also in several regions of the country. See 42 U.S.C. § 423(d)(2)(A).