Fred R. BRADLEY, Plaintiff–Appellant,

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant–Appellee.**

No. 88–5145.

United States Court of Appeals, Sixth Circuit.

Nov. 7, 1988.

Robert L. Templeton, Joe F. Wright, Charles Leadingham, Hermansdorfer & Templeton, Ashland, Ky., for plaintiff-appellant.

Louis DeFalaise, U.S. Atty., John S. Osborn, III, Asst. U.S. Atty., Office of the U.S. Atty., Lexington, Ky., for defendant-appellee.

Before KEITH, GUY, and RYAN, Circuit Judges.

PER CURIAM:

Plaintiff, Fred R. Bradley, ("Bradley") appeals the judgment of the district court's order affirming the Secretary's denial of social security disability and supplemental security income benefits. For the following reasons, we AFFIRM.

Bradley filed applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3). Both applications were denied by the Administrative Law Judge ("ALJ") on February 14, 1985, and the Appeals Council denied review on May 31, 1985. On the recommendation of the Magistrate, the District Court remanded the case to the Secretary for a determination on plaintiff's nonexertional eye impairment. On remand, after considering the testimony of a vocational expert, the ALJ still concluded that plaintiff was not disabled as there were several sedentary jobs he could still perform.

This decision was affirmed by the Appeals Council on May 15, 1987. Following this final decision of the Secretary, Bradley filed suit in the Eastern District of Kentucky, seeking judicial review of what he claimed was an erroneous denial of benefits. Once again, the action was assigned to a Magistrate, who issued a Report and Recommendation affirming the Secretary's denial of disability benefits. The district court, Wilhoit, J., accepted the Magistrate's Report and Recommendation denying benefits on December 1, 1987. This appeal followed.

Bradley was forty years old at the time of the hearing. He had an eleventh grade education, and his past relevant work experience included carpentry work and five years as a meat cutter. On October 6, 1981, Bradley was admitted to King's Daughters' Hospital for a wound to the left eye caused when a steel pin he was hammering struck his eye. As a result of this job related injury, Bradley lost the vision in his left eye, while the 20/20 vision in his right eye remained undisturbed. Dr. Mecca, who treated Bradley in 1983, believed that the injury met paragraphs 2.02 and 2.03 A and B of the Listing due to the vision impairment in the left eye and recommended that he not return to carpentry work. With the aid of therapy and placement of a metal buckle around the eye, plaintiff's vision in the left eye has improved to 20/200. Although Bradley later injured his right eye in a motorcycle accident, he still maintained 20/20 vision in the right eye.

Although Bradley was born with a club foot, he had a normal gait. According to a specialist in orthopedic surgery, Dr. Hassan Vaziri, Bradley could toe, heel, walk without difficulty, had foward flexion of his back to seventy degrees and lateral flexion and extension of the back within normal limits. Dr. Vaziri also indicated that Bradley showed no signs of paravertebral muscle spasms when bending and could reach his toes while sitting without showing any signs of tightness to the back muscles. According to Dr. Vaziri's medical reports that included a negative neurological exam and X-rays that showed some lumbar scoliosis, Dr. Vaziri concluded that orthopedically Bradley was not disabled.

Bradley was examined in 1984 by Dr. Hunter and again in 1986 by Dr. McClure. Dr. Hunter stated he believed Bradley was totally disabled, basing this conclusion on Bradley's experience, education and his findings that Bradley could not do any heavy lifting, bending, sitting, and standing for prolonged periods of time or work in cramped quarters as the result of a herniated disc Dr. Hunter claimed was revealed in an x-ray. However, the actual x-ray report made no mention of a herniated disc.

In 1986, Dr. McClure found that Bradley suffered from blindness in the left eye and also found chronic low back pain. Dr. McClure's examination also found evidence of scoliosis and mild degenerative joint disease of the lumbosacral spine, possibly the cause of the back pain; but he found no evidence of a herniated disc. Dr. McClure noted that Bradley could lift 10–15 pounds up to a third of the day, that he could stand for 2–3 hours of a day and that sitting would not affect him. Dr. McClure's report stated that Bradley should never climb, push or pull anything. However, he could occasionally stoop, crawl, kneel, balance and crouch. Dr. McClure also recommended that Bradley avoid being around moving machinery, but heights and extremes in temperature, chemicals, dust or humidity were not threatening.

In 1987, Bradley's family physician, Dr. Gehring, completed a residual functional capacity assessment. This assessment, based only on an office visit lacking a medical report verified by tests or examination results, indicated that Bradley could only sit and stand for two hours at a time and walk for one hour at a time. Dr. Gehring noted that Bradley could lift and carry six to ten pounds and was not limited in his ability to reach, grasp or use arm controls.

■ Bradley raised two objections to the Magistrate's Report and Recommendation. Bradley objected to the Magistrate's finding that he was not totally disabled. Bradley alleged that the injury to his eye alone should qualify him as totally disabled. However, according to the regulations, to meet the statutory requirements for blindness, plaintiff must have a visual accuity of 20/200 or less with corrective lenses in the better eye. 20 C.F.R. §§ 404.1581. Accordingly, Bradley cannot be considered disabled due to blindness since he has 20/20 vision without corrective lenses in his right eye. *Auer v. Secretary of Health and Human Services*, 830 F.2d 594 (6th Cir.1987).

■ In addition to the eye injury, Bradley complained that the ALJ should have found him disabled due to the pain in

his back and feet and side affects from his medication. Bradley was treated in 1979 for lower back pain and was diagnosed as showing early signs of arthritic pain. Allegations of pain, however, do not constitute a disability, unless the pain is of such a debilitating degree that it prevents an individual from participating in substantial gainful employment. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 538 (6th Cir.1981), *cert. denied*, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983).

Bradley testified, at the first hearing that he suffered from severe back pain one to three times a month and numbness in the leg every four days. At the second hearing, Bradley admitted to seeing a doctor only once in the preceding year for his back, shoulder and leg pain. Bradley also indicated that sitting relieved his pain while also claiming that he walked a great deal. In addition, according to a 1986 medical report, there was no evidence that Bradley was taking any medication for his alleged pain.

In evaluating complaints of pain, the ALJ may consider the credibility of the plaintiff. *Kirk*, 667 F.2d at 538. The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses therefore his conclusions should be highly regarded. *Id.; Villarreal v. Secretary of Human Services*, 818 F.2d 461, 463 (6th Cir.1987). The Secretary and not the court has the power to weigh all the evidence and resolve significant conflicts in the testimony. *Myers v. Richardson*, 471 F.2d 1265, 1267–68 (6th Cir.1972). The evidence in this case indicated that Bradley was not inconvenienced by his pain and was able to perform a variety of activities. Accordingly, the Secretary did not err in concluding that Bradley's complaints of pain were not credible. *Siterlet v. Secretary of Health & Human Services*, 823 F.2d 918, 921 (6th Cir.1987).

Relying primarily on Dr. Gehring's assessment, Bradley alleged that the medical evidence supported his contention that he could not sit or stand for any prolonged periods of time; therefore, under *Wages v. Secretary of Health & Human Services*, 755 F.2d 495 (6th Cir.1985), he was incapable of accomplishing any sedentary work due to his total disability.

Bradley argues that the holding in *Wages* automatically precludes any claimant who must alternate between sitting and standing from engaging in sedentary work; therefore making them eligible for benefits. This was not our holding and these are not the circumstances of this case. In *Wages*, this court was unable to identify any substantial evidence in the record indicating that Wages was capable of performing sedentary work. In fact we said "[t]here is *nothing* in the record that contradicts either Wages' testimony or Dr. Fossett's opinion." *Wages*, 755 F.2d at 498 (emphasis added). This is not true in this case. All of the medical evidence with the exception of Dr. Gehring's unsubstantiated functional capacity assessment establishes that Bradley is capable of performing sedentary work.[1] Moreover, *Wages* can be distinguished from this case because the Secretary's determinations were based on an application of the grid rather than the testimony of a vocational expert. *Wages* 755 F.2d at 497. This court has recently held that a claimant is not disabled simply based on a need to alternate between sitting, standing and walking, if a vocational expert can identify 1,350–1,800 unskilled sedentary jobs out of a total of 540,000 jobs that can be performed within the claimant's limitations. *Hall v. Bowen*, 837 F.2d 272 (6th Cir.1988).

Although the record is replete with inconsistent medical reports and Bradley's own conflicting testimony, we acknowledge the discretion vested in the ALJ to weigh all the evidence. *Myers v. Richardson*, 471

---

1. Sedentary work is defined in 20 C.F.R. § 404.1567(a) as follows:

 Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

F.2d 1265 (6th Cir.1972); *Villarreal v. Secretary of Health and Human Services*, 818 F.2d 461 (6th Cir.1987). Moreover, we hold that "the court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Accordingly, so long as there is substantial evidence we support the Secretary's findings and the ALJ's decision must be upheld. "Substantial evidence is such relevant evidence as a reasonable mind should accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed. 2d 842 (1971); *Austin v. Wemberger*, 402 F.Supp. 1198 (E.D.Tenn.1974), *aff'd*, 524 F.2d 1405 (6th Cir.1975); *Futernick v. Richardson*, 484 F.2d 647 (6th Cir.1973). We find the Secretary's decision is supported by substantial evidence.

 The second issue raised in this appeal is that the district court failed to address Bradley's second objection to the Magistrate's Report and Recommendation. At the second administrative hearing a vocational expert was asked to consider the following hypothetical question:

> Consider the claimant's age at 40 years, his eleventh grade education, his work experience, and assume that he has exertional impairments which limit him to lifting 10 to 15 pounds occasionally and if he is [limited to] standing or walking for a total of 2 to 3 hours during a workshift, and that not without interruption—assume that he also has non-exertional impairments—two (sic) which he [can] never climb, may only occasionally bend, bounce, sit, crouch, kneel, crawl, must avoid windy or cold weather and thus, his ability to push or pull is affected, he may not perform any job requiring depth perception, may not work at unprotected heights or in the area of machinery ..., cannot work at any job requiring binocular [vision] ...

The expert responded that claimant would not be able to perform any of the 1,400 light jobs and only 40% of the sedentary

jobs. When asked on cross-examination to consider a situation where the claimant was in constant pain, the vocational expert testified that the claimant would be unable to perform any of the sedentary jobs.[2] Bradley believed this testimony supported his claim of total disability and appealed the District Court's failure to address his objection through a *de novo* review of the record. Bradley contends that the district court must have ignored the vocational expert's testimony when it accepted the Magistrate's Report. Bradley erroneously cites several employment cases holding that the district court must respond to timely objections. These cases are inapposite to the matter before this court. The standard of review in social security cases is substantial evidence *not de novo* review. Accordingly, the district court was not at liberty to make a new determination of the record. The judgment of the district court is therefore AFFIRMED.

---

**2.** The burden was on Bradley to prove that he was disabled. However, he was unable to present substantial evidence that his impair-

ments (blindness and pain) were of sufficient severity to warrant total disability.