963 F.2d 374
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas ZAUNER, Plaintiff-Appellant,
v.
Secretary of Health and Human Services, Defendant-Appellee.
 No. 91-2044.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1992.
 
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and BERTELSMAN, Chief District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff Thomas Zauner appeals the order of the District Court granting summary judgment in favor of defendant, the Secretary of Health and Human Services (the "Secretary") and upholding the Secretary's denial of Social Security benefits. For the reasons to follow, we AFFIRM.
 
 I.
 
 2
 Plaintiff was 57 years old when he last worked in 1986. His last employment was at the Detroit Edison Port Huron power plant as a "C" operator. Plaintiff stopped work due to problems with his thumbs and his right knee. Plaintiff received a surgical implant in his left thumb in June 1986, surgery on his right knee in August 1986, and a surgical implant in his right thumb in November 1986.
 
 
 3
 In January 1987, plaintiff was admitted to a hospital psychiatric center, complaining that he felt depressed. On February 13, 1987, Dr. Robert S. Burnstein stated that plaintiff was having a major depressive episode and would not be able to return to stressful employment. He recommended that plaintiff's employer find a low stress position for plaintiff. On March 12, 1987, Dr. Sidney C. Walker stated that plaintiff would be unable to return to his previous employment due to residual symptoms in plaintiff's hands and right knee.
 
 
 4
 Plaintiff applied for Social Security disability benefits on April 14, 1987. In October 1987, Dr. Walker completed a report stating that plaintiff could not work unless he was constantly sitting. Karl Haug, a vocational specialist, evaluated plaintiff on December 1, 1987. Mr. Haug concluded that plaintiff has skills that would transfer to three light jobs: substation operator apprentice, switchboard operator and diesel plant operator. Haug reported that there were approximately 15,800 such jobs in Michigan.
 
 
 5
 On June 3, 1988, an administrative law judge ("ALJ") held a hearing. Plaintiff testified that he had back pain and knee pain and that he was depressed. Plaintiff stated that prolonged sitting or walking caused pain, as did kneeling, bending at the waist and lifting. Don Harrison, a vocational expert, testified that plaintiff had skills that would transfer to the sedentary jobs of inspector and control panel operator. Mr. Harrison testified that there were a significant number of jobs in southeastern Michigan that plaintiff could perform that were less physically demanding and less stressful than plaintiff's previous work. On August 22, 1988, the ALJ issued a decision finding that plaintiff was not disabled. The Appeals Council remanded the case to the ALJ for a specific finding concerning the credibility of plaintiff's complaints of pain.
 
 
 6
 On October 26, 1989, the ALJ held a supplemental hearing. Dannelly Smith, a vocational expert, testified that plaintiff's skills were limited to boiler operating and were not transferrable to sedentary jobs. On December 29, 1989, the ALJ found that plaintiff's impairments did not meet a condition set forth in the Listing of Impairments. The ALJ found that plaintiff had the residual functional capacity to perform low stress, sedentary work, and that he retained the ability to perform a number of jobs in the national economy. Consequently, the ALJ found that plaintiff was not disabled.
 
 
 7
 Pursuant to 42 U.S.C. § 405(g), plaintiff filed this action in federal court for review of the ALJ's decision. Magistrate Judge Cooke found that the Secretary's decision to deny benefits was supported by substantial evidence. The District Court adopted the findings of the Magistrate's Report and Recommendation and granted the Secretary's motion for summary judgment.
 
 II.
 
 8
 We review the Secretary's denial of benefits to determine whether there is substantial evidence in the record to support the Secretary's determination. 42 U.S.C. § 405(g); Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1369 (6th Cir.1991). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citing Richardson v. Perales, 402 U.S. 389 (1971)). A claimant has the burden of showing by a preponderance of the evidence that he is disabled and unable to perform his former work. Young v. Secretary of Health and Human Services, 925 F.2d 146, 147-48 (6th Cir.1990). The burden then shifts to the Secretary to show that substantial gainful employment in the national workforce exists that the claimant is capable of performing. Id. at 148.
 
 
 9
 Plaintiff argues that the Secretary had failed to show that there are a significant number of jobs that plaintiff can perform. Mr. Harrison, the vocational expert, testified that plaintiff had skills that would transfer to the jobs of inspector and control panel operator, and stated that there were 1,500 such jobs in southeastern Michigan. We find this testimony sufficient to meet the Secretary's burden of production.
 
 
 10
 Plaintiff argues that the ALJ erred in deferring to Mr. Harrison's testimony that plaintiff's skills were transferrable rather than Mr. Smith's testimony that plaintiff's skills would not transfer to other work. It is the responsibility of the Secretary to weigh the evidence and resolve conflicts in the testimony. Bradley v. Secretary of Health and Human Services, 862 F.2d 1224, 1227 (6th Cir.1988). It was within the discretion of the ALJ to rely on Mr. Harrison's testimony, and this Court will not reverse based on a conflict in testimony.
 
 
 11
 We find that the decision of the ALJ that plaintiff is not entitled to disability benefits is supported by substantial medical evidence and evidence presented by the vocational expert. Accordingly, we AFFIRM the order of summary judgment in favor of the Secretary.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation