9 F.3d 106
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delores BUCHANAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-4080.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1993.
 
 Before: BOGGS and SILER, Circuit Judges; and JOINER, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 Delores Buchanan appeals the denial of her application for social security disability benefits. For the reasons stated, we affirm.
 
 
 2
 * In July 1989, Delores Buchanan filed her application for disability insurance benefits, alleging that she had been disabled since August 31, 1985, due to numbness and pain in her hands. Her application was denied. On February 6, 1990, an Administrative Law Judge (ALJ) held a de novo hearing.
 
 
 3
 At this hearing, Buchanan testified on her own behalf. She stated that she was 46 at the time of the hearing, that she had completed the twelfth grade, and that her last job had been as a secretary and parts manager. She said that she is married and lives with the youngest of her three children. She complained that numbness and swelling in her hands cause her to drop things. Moreover, she maintained that she is unable to stand or sit for more than twenty to thirty consecutive minutes or to walk for more than two blocks because of her pain. She also testified that she is right-handed and that her left hand bothers her somewhat more than does her right.
 
 
 4
 Dr. Kirkpatrick, the physician who treated Ms. Buchanan since 1985, maintained office notes regarding the treatment that he rendered between July 1985 and September 1989. In those documents, he noted that the appellant had complained of hand pain and numbness on three occasions. He recommended her to three specialists. The first was Dr. Camma, a neurosurgeon. He reported that, while Buchanan had no grip strength whatsoever, her other clinical manifestations were normal. Dr. Krohn, an orthopedic surgeon, found no evidence of any disabling affliction. Dr. Lim, also an orthopedic surgeon, treated Buchanan for three months in 1989. Lim felt that appellant was suffering from reflex sympathetic dystrophy syndrome (RSDS),[2] psoriasis, and rheumatoid arthritis. Lim presented the strongest evidence in support of the appellant.
 
 
 5
 Dr. Osipow testified as a vocational expert (VE). The ALJ posed a hypothetical question to Osipow regarding the type of work that could be done by someone of appellant's age and experience, who had the ability to stand and sit for long periods, who could lift no more than 5 pounds but could do gross hand work (using her hands to grasp and hold, but not for fine movements), and who suffered from impaired depth perception. The vocational expert replied that such a person could be a receptionist or information clerk, and that such a person could handle certain other telephone-related jobs. The vocational expert added that there were a significant number of such jobs available in the national and regional economies at the time.
 
 
 6
 In arriving at his decision, the ALJ examined the presented evidence under the five-step sequential evaluation process for considering a disability claim. See, e.g., Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 2291 (1987); 20 C.F.R. Secs. 404.1520, 416.920 (1993). The ALJ first found that Buchanan was not engaged in substantial gainful employment, 20 C.F.R. Sec. 404.1520(b). Second, he determined that she did suffer from two forms of severe impairment. Id. Sec. 404.1520(c). However, under the third step, the ALJ further found that Buchanan's conditions did not equal any impairment contained in the listing of impairments. Id. Sec. 404.1520(d); see also id. pt. 404, subpt. P, app. 1. Fourth, the ALJ found that Buchanan could not perform her past relevant work, as a secretary and parts manager, because of the hand dexterity required to perform these jobs. Id. Sec. 404.1520(e). However, at the fifth step the ALJ determined that--in light of Buchanan's residual functional capacity, age, education, and work experience--she could still perform other jobs in the community that were available in significant numbers, such as those described by the VE. Id. Sec. 404.1520(f). Accordingly, the ALJ found that appellant was not disabled.
 
 
 7
 The Appeals Council then denied the appellant's request for review. Buchanan filed an action for federal judicial review. The district court denied her petition, and this timely appeal followed.
 
 II
 
 8
 The findings of the Secretary are conclusive if they are supported by substantial evidence. 42 U.S.C. Sec. 405(g). The fact that the record might support a different conclusion is immaterial. Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir.1990). We limit our review to determining whether the secretary's conclusion is reasonable. Ibid. In the present case, the appellant presents three different arguments that substantial evidence does not support the ruling. First, she contends that the ALJ failed to give proper weight to her allegations of disabling pain. Second, she contends that the ALJ did not give proper weight to Dr. Lim, her treating physician. Third, she argues that the hypothetical question that the ALJ posed to the VE did not adequately reflect her condition.
 
 
 9
 As to appellant's first claim, we hold that the ALJ properly evaluated Buchanan's claim. The ALJ found that the petitioner suffered from psoriatic arthritis and RSDS, but he concluded that these impairments did not meet or equal a condition specified in the listings at 20 C.F.R. Part 404, subpart P, Appendix 1. The ALJ further concluded that, although petitioner could not perform her past work, she retained the residual functional capacity to perform sedentary work in such capacities as an information telephone billing clerk or a receptionist. Sedentary work generally involves lifting no more than 10 pounds at a time, and occasionally lifting or carrying articles like files. A sedentary job may include occasional walking or standing. 20 C.F.R. Sec. 404.1567(a).
 
 
 10
 Buchanan alleges that she is unable to perform any work, primarily based upon her subjective complaints of pain. She contends that the ALJ improperly discounted these allegations, in violation of Social Security Ruling (SSR) 88-13, at 92-93 (Cum. ed. 1988). This is incorrect. When a petitioner alleges disabling pain, the ALJ must examine whether objective medical evidence supports the allegations. Jones v. Secretary of Health and Human Servs., 945 F.2d 1365, 1369 (6th Cir.1991). In the present case, the objective evidence did not support Buchanan's allegations. Test results uniformly failed to confirm that Buchanan's pain was disabling. Objective evidence did show arthritis and RSDS. However, the objective evidence did not show that these ailments were totally disabling. See, e.g., Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988) (noting that mere diagnosis of arthritis says nothing about the severity of the condition). It is the claimant who has the burden of proving that her ailments are disabling under the Social Security Act. Houston v. Secretary of Health and Human Servs., 736 F.2d 365 (6th Cir.1984).
 
 
 11
 The ALJ examined all of the evidence. This included Buchanan's own testimony that she could perform gross manipulation with her hands[3] and that she was able to take two-block walks. It is proper to evaluate a claimant's day-to-day activities when making a disability determination. Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990). Based upon the evidence, the ALJ concluded that Buchanan was able to perform sedentary work. The appellant has not satisfied the heavy burden necessary for us to overturn this ruling.
 
 
 12
 Appellant also contends that the ALJ ignored the reports of Dr. Lim, one of her treating physicians. Although Dr. Lim diagnosed chronic RSDS and arthritis, he did not conclude that these conditions were disabling. Indeed, most of the symptoms that Lim uncovered involved Buchanan's left hand, but she is right-handed. Lim actually determined that Buchanan could sit for eight hours in a day, that she could stand or walk for eight hours in a day, and that she could perform numerous jobs. Moreover, Dr. Lim only saw the petitioner for a limited number of months. By contrast, Dr. Kirkpatrick observed Buchanan for four years, and he did not perceive any disabling conditions. Thus, the ALJ did not improperly discount the testimony of Dr. Lim.
 
 
 13
 Having determined that Buchanan could perform sedentary work that did not require much lifting nor fine motor dexterity, the ALJ then sought to determine whether there existed a significant number of jobs in the national and regional economies that appellant could perform. The ALJ posed a hypothetical question to the VE that took into account Buchanan's condition. The VE testified that Buchanan was capable of performing numerous jobs within the economy. By asking his hypothetical question, the ALJ made use of an evidentiary device whose value this Court has recognized in the past. See, e.g., Bradley v. Secretary of Health and Human Servs., 862 F.2d 1224, 1227-28 (6th Cir.1988) (according weight to an ALJ's hypothetical questions that adequately reflect the petitioner's situation). The hypothetical reflected the petitioner's condition. The evidence showed that Buchanan could perform gross manipulation, especially with her right hand. Evidence also showed that her arthritis made it difficult for her to stand or move for significant periods of time. The ALJ included these constraints in his question. Accordingly, the posing of the hypothetical question was proper.
 
 
 14
 The ruling of the Secretary is AFFIRMED.
 
 
 
 [1]
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 RSDS is a disturbance of the sympathetic nervous system marked by pain, sweating, or skin atrophy. Dorland's Illustrated Medical Dictionary 522 (27th ed. 1988). The disease often causes the sufferer to feel intense pain, often as a result of a seemingly minor trauma. See, e.g., Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 506 (6th Cir.1991)
 
 
 [3]
 Buchanan used her hands to drive, to take medication, and to feed herself