65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Moshen MUSAAD, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-1546.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1995.
 
 Before: RYAN, and DAUGHTREY, Circuit Judges, and HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 The claimant, Moshen Musaad, appeals the denial of disability insurance benefits under Title II of the Social Security Act by the defendant, the Secretary of Health and Human Services. We conclude that the determination to deny benefits by the administrative law judge, which became the final order of the Secretary when it was affirmed by the Appeals Council, is supported by substantial evidence and must, therefore, be upheld.
 
 
 2
 The claimant is a 46-year-old native of Yemen who slipped and fell off machinery at a Ford plant in 1979, injuring his back. In 1980, after his return to work, he tripped and fell down three or four steps, reinjuring his back. He has not engaged in any substantial gainful activity since that time. His insured status ended on June 30, 1986.
 
 
 3
 Musaad has four bases of complaint: (1) injuries to his back and neck resulting from his falls in 1979 and 1980, (2) pain associated with these injuries, (3) psychiatric impairment from depression, and (4) diabetes mellitus.
 
 
 4
 The administrative law judge, Judge Varga, applied the standard five-step sequential test and found that Musaad had a severe impairment prior to the end of his insured status. However, the judge also found that none of the four complaints pressed by Musaad was sufficient to support a finding of disability within the meaning of the Social Security Act. In addition, Judge Varga found that although Musaad could not return to his previous work, he retained the residual functional capacity to perform other jobs existing in the national economy in significant numbers. Specifically, the administrative law judge credited the testimony of a vocational expert that in Michigan there were some 4,000 sedentary jobs with a sit/stand option that the claimant could perform.
 
 
 5
 The findings of the administrative law judge regarding the medical evidence in this case are set out extensively in his decision. The record was carefully reviewed by a magistrate judge at the district court's direction, and those facts are reiterated at length in the magistrate judge's report. It is unnecessary to restate them in this opinion in more than a summary fashion.
 
 
 6
 As to the back and neck injuries, the administrative law judge found that they did not satisfy the requirements of the Listings. The only medical report that was offered as objective evidence of Musaad's disability was an EMG study performed several months after his insured status expired. Even taking this study as relating back to the period before June 30, 1986, Judge Varga found that it did not support a finding of disability.
 
 
 7
 Moreover, the other evidence was found to be insufficient to support the conclusion that Musaad was disabled as a result of the injuries he sustained in 1979 and 1980. It is true, as Musaad argues, that great deference is given to medical opinions and diagnoses of treating physicians, and that where those opinions are uncontradicted, they are accorded complete deference. Harris v. Heckler, 756 F.2d 431 (6th Cir.1985). However, the opinion of a treating physician is afforded such deference only when it is based on sufficient medical data. Id.; Houston v. Secretary of HHS, 736 F.2d 365, 367 (7th Cir.1984). In this case, Judge Varga found that the opinions of Musaad's treating physicians, Dr. Weisman and Dr. Brown, were based on their patient's subjective complaints and were not supported by objective clinical findings.
 
 
 8
 Likewise, the psychological depression Musaad allegedly suffered and his "non-insulin dependent uncomplicated diabetes mellitus" were found to be medically unsubstantiated as bases for a determination of disability, leaving disabling pain as the central claim. Unfortunately for Musaad, however, there was little in the record to support his subjective claim that his pain was so severe that it had effectively disabled him.
 
 
 9
 The administrative law judge (and later the magistrate and district judges) evaluated the evidence submitted by Musaad on the issue of disability caused by pain under the two-prong standard of Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir.1986). Under Duncan, there must be, first, a finding of an underlying medical condition and, second, either "(1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical conditions must be of a severity which can reasonably be expected to give rise to the alleged pain." Id. at 853. Judge Varga concluded that the claimant's subjective complaints of pain were not established by the medical evidence. Among other things, Judge Varga seriously questioned Musaad's credibility, noting that he was able to take daily walks, socialize daily with friends at a local coffee shop, pray five times a day at a mosque, drive a car, and "travel thousands of miles to his native country of Yemen [ ] and then back to the United States." In light of these findings, we cannot agree with the claimant's allegation that the administrative law judge improperly relied on the so-called "sit and squirm" test in assessing Musaad's credibility on the issue of his functional capacity.
 
 
 10
 Musaad further alleged that the administrative law judge mischaracterized the testimony of Dr. Harrison, the vocational expert. Dr. Harrison testified that if Musaad's testimony were fully credible, he would be unable to do any kind of work. However, in response to Judge Varga's hypothetical questions, Dr. Harrison identified several thousand pertinent jobs existing prior to the expiration of Musaad's insured status. Our review of the record indicates that these hypothetical questions were appropriate, because the job restrictions posited by the judge were based on factual assumptions supported by substantial evidence. Varley v. Secretary of HHS, 820 F.2d 777 (6th Cir.1987).
 
 
 11
 Finally, relying on Wages v. Secretary of HHS, 775 F.2d 495 (6th Cir.1985), Musaad also argued that sedentary work is precluded by an impairment, like his, that requires the claimant to alternate sitting and standing. Relying on Bradley v. Secretary of HHS, 862 F.2d 1224 (6th Cir.1988), the Secretary argued in response that Wages does not control this case. We agree. As we noted in Bradley, Wages does not stand for the proposition that "a[ ] claimant who must alternate between sitting and standing [is automatically precluded] from engaging in sedentary work." Id. at 1227. Instead, the result in Wages rested on the facts of that case, which strongly substantiated the claim for disability. Moreover, and the Secretary's disability determination rested on the application of a grid, rather than the testimony of a vocational expert, as here and in Bradley. See Bradley, 862 F.2d at 1227; Wages, 755 F.2d at 497.
 
 
 12
 In his carefully documented report, the magistrate judge echoed these findings, concluding that Musaad had not satisfied the first prong of Duncan because the medical evidence failed to show any objective support for a disabling condition in existence prior to the date his insured status expired. The magistrate judge added that, "[even assuming that [Musaad] has such a condition, that is, a low back condition, it has not been demonstrated to satisfy the second prong," given the fact that Musaad "has no positive EMG's, bone scans, no evidence of nerve involvement or root irritation, and nothing beyond his subjective complaints of pain, and positive straight leg raising." The magistrate judge noted further that Musaad "takes only mild pain medications [such as Tylenol], which are not associated with severe and disabling pain."
 
 
 13
 Based on the record as a whole, we are satisfied that there is substantial evidence to support the administrative law judge's decision, and we therefore AFFIRM the judgment of the district court upholding that decision.
 
 
 
 *
 The Hon. Douglas W. Hillman United States District Judge for the Western District of Michigan, sitting by designation