**Hosea HENDERSON, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 00–2690 D/V.**

United States District Court, W.D. Tennessee, Western Division.

Feb. 28, 2001.

944

Hosea Henderson, Jr., Memphis, Pro se.

William W. Siler, Esq., U.S. Attorney's Office, Memphis, for Kenneth S. Apfel, Commissioner of Social Security, William A. Halter, Acting Commissioner of Social Security, appellees.

## ORDER REMANDING PLAINTIFF'S APPEAL OF COMMISSIONER'S DECISION TO DENY PLAINTIFF DISABILITY BENEFITS

DONALD, District Judge.

Plaintiff Hosea Henderson ("Henderson") appeals the denial of benefits by Defendant, Kenneth S. Apfel, Commissioner of Social Security ("Commissioner"). The Administrative Law Judge ("ALJ") found that Henderson's functional limitations did not preclude him from performing sedentary, unskilled work. Henderson contends that the ALJ's decision is not supported by substantial evidence. The Court has jurisdiction under 42 U.S.C. § 405(g). For the foregoing reasons, the Court REMANDS to the Commissioner for further consideration consistent with this order.

## I. Factual and procedural background

On July 30, 1998, Henderson filed for disability benefits, alleging an onset date of November 16, 1997. He sustained injuries to his back after he fell from the cab of his employer's eighteen wheeler truck. On February 24, 2000, the ALJ denied Henderson's application, and the Appeals Council affirmed.

Henderson was born on January 11, 1954, and has a high school education. After his accident, he stopped working as a truck-driver. Henderson alleges that he experiences numbness in his legs, and endures constant back pain and pain in his toe. Henderson also suffers from carpal tunnel syndrome ("CTS"). Henderson alleges that he is depressed and suffers from memory loss.

## II. Standard of reviewing the ALJ's decision

The standard of review for an appeal of this nature is for the reviewing court to determine if the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir.1994). Also, the reviewing court is authorized to ensure that the correct legal standards were employed. *Richardson*, 402 U.S. at 401, 91 S.Ct. 1420; *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir.1994); *Landsaw v. Secretary of Health & Human Services*, 803 F.2d 211, 213 (6th Cir.1986). The reviewing court, however, does not resolve conflicts in the evidence or decide questions of credibility. *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir.1988).

## III. Analysis

If appropriate, an ALJ considers five steps to determine whether a claimant is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140–42, 107 S.Ct. 2287, 2290–92, 96 L.Ed.2d 119 (1987); 20 C.F.R. § 416.920. The ALJ evaluates whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has severe impairments; (3) the impairment is a "listed" disability; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from doing other work. 20 C.F.R. § 416.920.

The ALJ considered the five steps. The ALJ noted that Henderson was not engaged in substantial gainful activity. The ALJ next determined that Henderson had severe impairments, as he suffered from bilateral CTS, arthritis of the lumbar spine, somatoform pain disorder, and major depression. Pursuant to the third step, the ALJ determined that these impairments were not listed as per se disabilities. Assessing Henderson's residual functional capacity from the medical evidence and Henderson's subjective complaints, the ALJ concluded that Henderson's exertional and non-exertional limitations precluded him from performing his past relevant work. In evaluating the fifth step, however, the ALJ found that Henderson's impairments did not preclude him from sedentary, unskilled work.

Henderson contends that he suffers from several conditions that, standing alone or taken together, render him disabled, including CTS in both hands, chronic back pain from stenosis, an annular tear and a swollen disc, and major depression. Henderson's functional limitations, not his diagnosis, however, is what determines whether he is disabled. *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 566, 119 S.Ct. 2162, 2169, 144 L.Ed.2d 518 (1999) (applying this concept in context of an American with Disabilities Act claim); *Henry v. Gardner*, 381 F.2d 191, 195 (6th Cir.1967); Social Security Ruling 96–9p,

*34482 (July 2, 1996). Therefore, the ALJ was correct to assess Henderson's residual functional capacity and apply his findings to the criteria set out in Rule 201.21 of the Medical–Vocational Guidelines of Appendix 2.

Henderson further asserts, however, that in accessing Henderson's residual functional capacity, the ALJ improperly discredited certain findings of his treating physician, Dr. John Howser ("Dr. Howser"). The ALJ instead credited the findings of a consultive physician, Dr. Tommy Campbell ("Dr. Campbell"). Both Dr. Howser and Dr. Campbell diagnosed Henderson with CTS. However, although Dr. Howser stated Henderson was limited to minimal repetitive use of his hands, Dr. Campbell opined that Henderson had an unlimited ability to perform fine manipulation with his hands.

■■ Generally, the ALJ has the discretion to decide which conflicting medical evidence to accept. *Barker v. Shalala,* 40 F.3d 789, 793 (6th Cir.1994) (indicating that the ALJ has the discretion to decide which one of two conflicting medical opinions by two physicians to accept). However, as a general rule, treating physicians, as well as specialists, are granted greater deference than general practitioners. *See Alvarado v. Weinberger,* 511 F.2d 1046 (1st Cir.1975); *Cline v. Sullivan,* 939 F.2d 560 (8th Cir.1991); 20 C.F.R. §§ 404.1527(d)(2), (5). The length, frequency, and the nature of the treatment relationship is helpful in determining the weight given to the treating physician's and/or specialist's opinion. 20 C.F.R. §§ 404.1527(d)(2)(i), (ii).

■■■ If a treating physician's opinion is rejected by the ALJ, however, the ALJ must present some basis for rejecting it. *Shelman v. Heckler,* 821 F.2d 316, 321 (6th Cir.1987). If the ALJ wishes to reject a medical conclusion, the basis for rejecting it must generally be other medical evidence. *Shelman,* 821 F.2d at 321. The ALJ must first examine the medical record and determine if the medical opinion was based upon sufficient medical data. This involves merely ensuring whether there was a sufficient listing of clinical data in support of the medical conclusion of impairment. *See Shelman,* 821 F.2d at 321; *Harris v. Heckler,* 756 F.2d 431, 435 (6th Cir.1985).

Despite Dr. Howser being both a specialist and Henderson's treating physician, the Commissioner contends that the ALJ properly credited Dr. Campbell's diagnosis over Dr. Howser's. The Commissioner asserts that Dr. Howser's opinion was based on meager clinical support. The Court, however, finds otherwise. Dr. Howser's January, 1999 opinion is founded on clinical findings, specifically a neurometer test. Dr. Howser had conducted the same test in November of 1998, the results of which are included in the record. Additionally, Dr. Howser evaluated Henderson at least seven times over a seven month period. Dr. Campbell's clinical basis for his opinion is no more extensive than Dr. Howser's. Accordingly, the ALJ improperly credited the consulting physician's medical opinion, as Dr. Howzer's opinion is entitled to substantial deference.

Citing Social Security Rulings ("SSR") 85–15 and 96–9p, the ALJ concluded that, after weighing Henderson's exertional and non-exertional impairments, Henderson remained capable of performing a full range of sedentary, unskilled work. Crucial to the ALJ's determination, however, was whether Henderson could freely manipulate his fingers. As a general rule, limitations of fine manual dexterity have more significance regarding sedentary ranges of work than in medium ranges of work, because sedentary jobs commonly require such function. SSR 85–15(2c.);

SSR 96–9p, at \*34482. Accordingly, the Court **REMANDS** the case to the Commissioner to determine, in light of Dr. Howser's opinion, whether Henderson's residual functional capacity is so limited as to preclude him from a full range of sedentary unskilled work.

■ Henderson also complains that the ALJ improperly weighed his subjective complaints. According to 20 C.F.R. §§ 404.1529, 416.929, the ALJ must consider the claimant's daily activities, the intensity of pain, the side effects of medication, measures used to relieve pain, and corresponding functional limitations. In reviewing these factors, the ALJ did not find Henderson's written statements and testimony entirely credible. The ALJ noted that Henderson attributed his disability to his fall from his employer's truck. The ALJ found this inconsistent with Henderson's arthritis in the back and CTS, two conditions that do not arise from sudden trauma. However, questioning Henderson as to the source of his disability does not relate to the factors articulated by 20 C.F.R. § 404.1529. Henderson, who is not a doctor, and can only speculate as to what caused his disability.

The ALJ also stated that there existed an inconsistency between the impairments' level of severity described by Henderson and the infrequent nature of his medical treatment. Indeed, the record shows that Henderson was treated in the emergency room on January 3, 1998, but was not treated again until June 2, 1998 when he was first seen by Dr. Howser. However, Dr. Howser's clinical intake form indicates that Henderson had been in physical therapy. As to these visits, the record is incomplete.

The ALJ, however, found that Henderson attempted to understate the level of his activities when he testified that he does not socialize, despite also testifying that he spends most of his time at his sister's house or lady friend's house. In addition, the ALJ found that Henderson's written statements were inconsistent as to how much he cooks, how often he walks, and whether or not he still drives. The ALJ's basis for only partially crediting Henderson's subjective complaints is therefore supported by substantial evidence.

Finally, Henderson complains that the ALJ failed to consider Dr. Howser's June 29, 1999 letter which stated that Henderson is "unable to work in any type of job at this point." According to 20 U.S.C. § 405(g), upon remand, the district court may order the Commissioner to review additional material evidence when there is good cause for failing to incorporate such evidence into the prior hearing's record. Henderson, who had apprised Dr. Campbell of the letter, mistakenly believed that Dr. Campbell had copied the letter and placed it in his files, which were sent to the Commissioner. Because the letter is material, and the Court is more lenient with pro se claimants, the Court orders the Commissioner to consider Dr. Howser's June 29, 1999 letter on remand.

## IV. Order

As the ALJ failed to apply the proper legal standard when considering the medical evidence of the treating physicians, this case is remanded for reconsideration of the medical evidence in its proper context. On remand, the Commissioner must consider Dr. Howser's June 29, 1999 letter. Accordingly, pursuant to 42 U.S.C. § 405(g), this case is **REMANDED** for reconsideration of the medical evidence in a manner not inconsistent with this opinion.