**Alfred HAGINS, Plaintiff–Appellant,**

v.

**COMMISSIONER SOCIAL SECURITY
ADMINISTRATION, Defendant–
Appellee.**

**No. 02–3946.**

United States Court of Appeals,
Sixth Circuit.

March 26, 2003.

Before: MERRITT and
BATCHELDER, Circuit Judges; and
DUPLANTIER, District Judge.*

*ORDER*

Alfred Hagins appeals a district court judgment affirming the Commissioner's denial of his application for supplemental security income benefits. The parties have waived oral argument and this panel agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hagins filed an application for supplemental security income benefits on November 17, 1993. After a hearing an administrative law judge (ALJ) found that Hagins could perform a significant number of jobs in the economy. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision.

Hagins then filed a civil action seeking judicial review of the Commissioner's decision. The district court affirmed the denial of benefits and granted judgment to the Commissioner.

Upon review, we conclude that the Commissioner's decision is supported by substantial evidence. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Hagins contends that the ALJ erred by relying on the medical-vocational guide-

---

* The Honorable Adrian G. Duplantier, United States District Judge for the Eastern District of Louisiana, sitting by designation.

lines because he suffers from a nonexertional impairment. Specifically, Hagins states that his need to alternate between sitting and standing is a significant nonexertional impairment. Thus, the ALJ should have obtained the testimony of a vocational expert to satisfy the Commissioner's burden.

The need for a sit/stand option generally requires the testimony of a vocational expert because it precludes a wide range of work at any given exertional level. *See Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir.1988); *Wages v. Sec'y of Health & Human Servs.*, 755 F.2d 495, 499 (6th Cir.1985). However, the ALJ found that Hagins did not require a sit/stand option to work. Rather, the ALJ determined that with normal breaks, Hagins could perform a full range of sedentary work. Further, the medical evidence does not indicate that Hagins requires a sit/stand option to work. Hagins admitted that he treated his pain mainly with alcohol and denied participation in any physical therapy or pain management program. Therefore, as the medical evidence supports the ALJ's conclusion that Hagins could perform sedentary work, the decision of the Commissioner is supported by substantial evidence.

Accordingly, we affirm the district court's judgment.