**Brenda ROUSE, Plaintiff–Appellant,**

v.

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

**No. 02–6174.**

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2003.

Michael R. Dowling, Ashland, KY, for Plaintiff–Appellant.

John S. Osborn, III, David E. Middleton, Asst. U.S. Attorney, U.S. Attorney's Office, Lexington, KY, Nancy R. Bartlett, Asst. Reg. Counsel, Elyse Sharfman, Dennis R. Williams, Jason P. Peck, Mary Ann Sloan, Angela G. Adasme, Office of General Counsel, Atlanta, GA, for Defendant–Appellee.

Before NELSON, GIBBONS, and SUTTON, Circuit Judges.

## ORDER

Brenda Rouse appeals a district court judgment dismissing her applications for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Rouse filed an application for supplemental security income benefits on July 13, 1994, alleging that she was disabled due to mental impairments. Her application was denied initially and upon reconsideration. After a hearing, an administrative law judge (ALJ) issued a decision finding that Rouse was not disabled. The Appeals Council declined to review the ALJ's decision. Rouse then sought judicial review and the district court remanded the case to the Commissioner for further evaluation.

As her first application for benefits was being reviewed, Rouse filed another application for supplemental security income benefits on July 28, 1997. This application was also denied at the initial and reconsideration levels of review. Rouse then requested a hearing. At the April 5, 2000 hearing, the ALJ consolidated Rouse's two applications. On October 16, 2000, the ALJ issued a decision finding that Rouse was not disabled because she could perform a significant number of jobs in the national economy.

Rouse sought judicial review of the Commissioner's decision. Upon consent of the parties, a magistrate judge affirmed the denial of benefits and granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. *See Brainard v. Sec'y Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Rouse argues that the ALJ failed to take into consideration her allegation that she was not able to obtain medical treatment because she lost her medical coverage in March 1997. She argues that be-

cause she did not have medical insurance for a portion of the period under consideration, her testimony regarding her subjective complaints should be given controlling weight and she should be found disabled. However, Rouse has been inconsistent as to her statements regarding when she lost her medical benefits. Although Rouse stated that she lost her medical coverage in March of 1997, the record indicates that she still received medical treatment in July 1997, September 1997, and November 1997.

Despite Rouse's claims that she could not provide medical documentation because of lack of finances, three consultative psychological examinations were performed on Rouse. These examinations did not indicate that Rouse was disabled. Further, the lack of medical care is only one factor to be considered in assessing credibility. Despite Rouse's arguments to the contrary, her statements alone do not establish a claim of disability. *See* 20 C.F.R. § 416.929(a); *Bogle v. Sullivan,* 998 F.2d 342, 348 (6th Cir.1993). Rouse must provide medical evidence of the condition that causes the symptoms and evidence that the condition is one which could reasonably be expected to cause symptoms of disabling severity. *See* 20 C.F.R. § 416.929(a) and (b); *Duncan v. Sec'y of Health & Human Servs.,* 801 F.2d 847, 853 (6th Cir.1986). In proving that she is disabled, part of Rouse's responsibility is to show, through objective medical evidence, that her subjective complaints are credible. *See* 20 C.F.R. § 416.912(a). Rouse has failed to meet this burden.

Rouse is responsible for establishing that she is disabled as defined by 42 U.S.C. § 423(d). *See Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1233 (6th Cir.1993). The record establishes that Rouse had access to medical care. Further, the ALJ did not rest the decision on Rouse's inability to obtain treatment. The ALJ found that Rouse had severe impairments and significant limitations as a result of those impairments. There is medical evidence in the record and the medical evidence establishes that Rouse does have severe mental impairments. However, those impairments do not prevent her from engaging in a substantial number of jobs in the economy.

Rouse then claims that the ALJ should have afforded greater weight to the opinion of Dr. Prater rather than Dr. Eggerman. The ALJ consolidated the reports of the two consultative doctors. The ALJ credited Rouse with more limitations than Dr. Eggerman indicated, but rejected Dr. Prater's assessment of marked limitations. The regulations specifically state that the ultimate responsibility of deciding residual functional capacity lies with the Commissioner, not the examining physician. 20 C.F.R. § 416.927(e)(2). It is the Commissioner's duty to weigh the evidence and resolve conflicts. *See Bradley v. Sec'y of Health & Human Servs.,* 862 F.2d 1224, 1227 (6th Cir.1988). The record shows that Rouse received medical treatment in 1991 through 1992 and 1996 through 1997. The most recent psychiatric evaluation diagnosed Rouse with major depression. However, it was noted that Rouse's thought processes were logical, her intelligence was within normal limits, her insight was fair, and her judgment was intact. Dr. Eggerman performed two consultative examinations. Dr. Eggerman found Rouse to be severely depressed and recommended medication and psychotherapy. In his subsequent evaluation, Dr. Eggerman noted that Rouse was cooperative, her concentration was intact, and that she had minimal anxiety. He considered Rouse's prognosis to be fairly good. Dr. Eggerman stated that even before treatment, Rouse was capable of understanding simple instructions and tolerating work related stress.

Dr. Prater evaluated Rouse at her attorney's request. Ten months after the evaluation he completed a medical assessment form rating Rouse as significantly to moderately limited. Dr. Prater noted that testing revealed that Rouse magnified her symptoms. As a result, Dr. Prater indicated caution in interpreting the results. Dr. Prater noted in his residual functional capacity assessment that his opinion may or may not reflect Rouse's residual functional capacity. As the objective medical evidence does not support Rouse's claim that she is disabled due to a severe medical condition, the decision of the Commissioner is supported by substantial evidence.

Accordingly, we affirm the district court's judgment.